WARNER, Judge.
This is an appeal from a final summary judgment entered after appellants failed to appear at a hearing. The appellants claim that they were not given sufficient notice of the summary judgment hearing. We agree and reverse.
This case was set for trial in September of 1990 for the January 28, 1991, docket. On December 27, 1990, appellants’ counsel was allowed to withdraw. The next day appellee served a motion for summary judgment on appellants together with a notice of hearing for January 3, 1991. Clearly, such a hearing would not be in compliance with Florida Rule of Civil Procedure 1.510(c).
In the meantime, on January 2, 1991, the appellants filed a motion for continuance of the trial because of their pro se status. It does not appear that the hearing took place on January 3rd. However, on January 14, 1991, the case was set for a mediation conference on January 25th, and on January 15, 1991, appellants’ motion for continuance was denied. Then on January 18, 1991, the appellee filed a motion to strike all of defendant’s pleadings and defenses for failure to comply with the pre-trial order. That motion was noticed for hearing on Tuesday, January 22, 1991. However, on that date the judge signed an order granting the plaintiff’s motion for summary judgment. There is in the file no notice of the hearing for summary judgment. Appellants filed a motion for rehearing, noting not only that they never received the denial of the motion for continuance but also that they had received the notice of hearing for the motion to strike the defendant’s pleading on the afternoon of January 22nd after the hearing took place. The appellants noted that the notice of hearing was mailed on Friday the 18th and that Monday the 21st was Martin Luther King, Jr., Day and a holiday, so that mail would not be delivered on that day. However, the court denied the motion for rehearing.
We reverse because there was no notice of hearing sent for the summary judgment hearing. That hearing was solely for the plaintiff’s motion to strike the pleadings. Similarly, there is nothing in the record to contradict appellants’ claim that they did not receive the notice of hearing until after it occurred. In Mondestin v. Duval Federal Savings and Loan Ass’n, 500 So.2d 580 (Fla. 4th DCA 1986), this court under similar circumstances reversed a summary final judgment and remanded for a new hearing on the motion to be held after legally sufficient service of notice of the time and place of the hearing on appellants. We do the same here and would also add not only that there be legally sufficient service of the notice of the time and place of hearing on the appellants but also that the hearing be held for the motion noticed in the notice of hearing. Anything else would have serious due process implications. See also Wagner v. Vigor Island Corp., 443 So.2d 469 (Fla. 5th DCA 1984).
LETTS and STONE, JJ., concur.