609 So.2d 147 (1992)
Don T. KOZICH, Appellant,
v.
HARTFORD INSURANCE COMPANY OF MIDWEST, a Florida corporation, and Stuart L. Stein, individually, Appellees.
No. 91-2762.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
Don T. Kozich, Fort Lauderdale, pro se appellant.
Richard A. Sherman and Rosemary Wilder of Law Offices of Richard A. Sherman, P.A., and Earleen H. Cote of Law Offices of Earleen H. Cote, Fort Lauderdale, for appellee-Stuart L. Stein.
DELL, Judge.
Appellant filed suit against his insurance company and appellee for damage to his car. The trial court, pursuant to a settlement agreement, dismissed appellant's complaint against his insurance company. On July 25, 1991, appellee, Stuart L. Stein, moved for summary judgment against appellant. On July 30, the trial court entered the following order:
This Court has received Defendant Stuart Stein's Motion for Summary Judgment dated July 25, 1991 and accordingly it is ordered as follows:
1. That Plaintiff shall respond in writing within 20 days from the date of this order. A copy thereof shall be furnished to opposing counsel and directly to the Court (Room 998).
2. Parties may submit photocopies of case authority relied upon in their motion or response. Since photocopies of cases will not be retained by the Court subsequent to ruling, the citations must be noted within the written motion or response.

*148 3. After the expiration of 20 days from the date of this order or upon receipt of the response, whichever occurs first, the Court will rule on the Motion. Court will advise the parties in the event a hearing is required.

4. If the moving party has not submitted two sets of return stamped envelopes for all counsel with the Motion, they shall submit at this time one set of stamped envelopes.
DONE AND ORDERED... .
(emphasis added). On August 16, appellant filed a response to appellee's summary judgment motion. On August 23, the trial court, without a hearing, entered a final order that granted appellee's motion for summary judgment and dismissed appellant's claim with prejudice. We reverse.
Rule 1.510(c), Florida Rules of Civil Procedure, provides in pertinent part:
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing.
Rule 1.510(c) provides for a hearing and specifies the time periods for filing and responding to a motion for summary judgment based upon the date fixed for the hearing. The rule does not provide the trial court with discretion to decide whether "a hearing is required." Judge Vitale's form order does not comply with rule 1.510(c) and we disapprove of its use. An order granting summary judgment on liability determines a party's right to the relief requested and to deny either party a hearing must be construed as a denial of due process. See Berchtold v. Griffin, 592 So.2d 377 (Fla. 4th DCA 1992); Mondestin v. Duval Fed. Sav. and Loan Assoc., 500 So.2d 580 (Fla. 4th DCA 1986); Wagner v. Vigor Island Corp., 443 So.2d 469 (Fla. 5th DCA 1984).
We express no opinion as to the merits of appellee's motion for summary judgment. Appellate review of the merits would be premature given the trial court's failure to provide appellant an opportunity to be heard.
Appellant also argues the trial court erred when it denied his motion to amend his second amended complaint and that he should be granted leave to add Stuart L. Stein, P.A., as a co-defendant. Appellant did not make this specific argument below and, therefore, cannot successfully offer it for the first time on appeal. Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982). Accordingly, we affirm the trial court's order denying appellant's motion to amend his second amended complaint. We reverse the trial court's order granting a summary final judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and STONE, J., concur.