GRIFFIN, J.
Petitioners, Surrey Place of Ocala Partnership, L.B. Properties, Inc., J.L.D. Partnership and William P. Crain [“Surrey Place”], have petitioned this court for a writ of certiorari to quash an order of the trial court permitting the respondent to state a claim for punitive damages in the suit below arising out of a claim of injury to a resident of an assisted living facility operated by Surrey Place. Surrey Place contends that the trial court erred in failing to conduct a hearing prior to entry of its order granting the respondent’s motion for leave to amend its complaint to add the punitive damage claim.
The motion giving rise to the order on review consisted of some twenty-five pages of analysis and argument along with a series of depositions, exhibits and other record materials. It was also accompanied by the affidavit of a registered nurse. Some thirty days after it was filed, Surrey Place filed a detailed and thorough response of approximately the same length, provided an affidavit of a physician and filed numerous medical records in an effort to undermine the respondent’s punitive damage proffer.
Under section 768.72, Florida Statutes, the trial judge was charged with determining that there was a reasonable evidentia-ry basis to recover punitive damages. On September 11, 2003, the trial court entered its order granting the motion. In it, the court identified the aforementioned filings of the parties and indicated that its decision to grant the motion is “[biased upon a review of the file and the respective documents filed by each party.” The judge also observed that a hearing on the motion, even if permissible, was not mandated by statute.
Based on the foregoing, we find no merit to the petitioner’s claim that the trial court failed to follow the procedural requirements of Section 768.72 or has failed to afford Surrey Place procedural due process. See Solis v. Calvo, 689 So.2d 366, 368 (Fla. 3d DCA 1997); Strasser v. Yalamanchi 677 So. So.2d 22 (Fla. 4th DCA 1996).
PETITION DENIED.
THOMPSON and TORPY, JJ., concur.