*633
 
 LAGOA, Judge.
 

 State Farm Fire and Casualty Company (“State Farm”) seeks certiorari review of the circuit court appellate division’s per curiam affirmance of two final summary judgments entered by the county court in favor of the respondents Diana Lezcano (“Lezcano”) and Ricardo Diaz (“Diaz”). Because we conclude that State Farm was deprived of due process with respect to the entry of the Lezcano summary judgment, we grant the petition and quash the circuit court’s order as to that case only. We deny the petition as to Diaz without further comment.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 State Farm insured Lezcano and Diaz under the same auto insurance policy. As a result of a 2005 accident, Lezcano and Diaz received medical treatment at Figueroa Medical Center (“FMC”). State Farm admits that it received written notice of the loss and received all bills from October 13, 2005, through December 29, 2005.
 

 On February 8, 2006, Lezcano and Diaz filed separate suits against State Farm, alleging that it breached the policy by failing to pay for the medical treatment each received at FMC. State Farm filed amended answers and affirmative defenses alleging that it paid the appropriate amounts under the policy, that the remainder claimed was not reasonable, that the medical services were not reasonable, related, or necessary, and that Lezcano’s and Diaz’s demand letters were invalid because they failed the include an assignment of benefits or revocation of those benefits.
 

 Subsequently, Lezcano and Diaz each filed motions for summary judgments as to liability, reasonableness, relatedness and medical necessity. The county court conducted two hearings on Diaz’s motion for summary judgment: the first on December 5, 2006, and the second on January 16, 2007. At the January 16th hearing, counsel for State Farm advised the trial court that the court was scheduled to conduct an identical hearing in the Lezcano case the next day, January 17, 2007. Counsel for Lezcano, however, responded that that hearing had been continued. As a result, both parties agree that the county court never conducted a hearing on Lezcano’s motion for summary judgment.
 

 On May 17, 2007, the county court entered an order granting Diaz’s motion for summary judgment and also entered final judgment in favor of Diaz. A week later, the trial court entered an order granting Lezcano’s motion for summary judgment and also entered final judgment in favor of Lezcano. Subsequently, State Farm appealed the final judgments to the circuit court’s appellate division, and argued, among other things, that the county court deprived State Farm of due process when it entered the final judgment as to Lezcano without conducting the required hearing. The circuit court per curiam affirmed the final judgments, which were consolidated for appellate purposes. This petition followed.
 

 II.
 
 ANALYSIS
 

 As this Court explained in
 
 Williams v. Miami-Dade County,
 
 969 So.2d 389, 392 (Fla. 3d DCA 2007), “[review on second-level certiorari is extremely limited, as we are confined to determining whether the lower court provided due process and followed the correct law.”
 
 See also Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885 (Fla.2003). A lower tribunal provides due process if the complaining party was given notice and an opportunity to be heard.
 
 Id.
 
 Moreover, a circuit court’s failure to follow the correct law must be “something more than a simple
 
 *634
 
 legal error.”
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000). Unless a ruling constitutes a violation of a principle of law which results in a miscarriage of justice, we must deny certiorari.
 
 Williams,
 
 969 So.2d at 392.
 

 Here, the county court granted Lezcano’s motion for summary judgment without conducting a hearing on the motion. Florida Rule of Civil Procedure 1.510(c) contemplates a hearing on a summary judgment motion.
 
 [1]
 
 “The rule does not provide the trial court with discretion to decide whether ‘a hearing is required.’ ”
 
 Kozich v. Hartford Ins. Co. of Midwest,
 
 609 So.2d 147, 148 (Fla. 4th DCA 1992). A trial court’s failure to conduct a hearing prior to ruling on the motion for summary judgment constitutes a denial of the due process guarantee of notice and an opportunity to be heard.
 
 Id.
 
 (“An order granting summary judgment on liability determines a party’s right to the relief requested and to deny either party a hearing must be construed as a denial of due process.”);
 
 accord Greene v. Seigle,
 
 745 So.2d 411 (Fla. 4th DCA 1999) (where trial court granted defendant’s motion for summary judgment without a hearing or notice to plaintiff it violated Rule 1.510(c) and plaintiffs due process rights requiring reversal). A denial of the guarantee of due process represents a violation of a clearly established principle of law such that certiorari relief is warranted.
 
 See Casa Inv. Co. v. Nestor, 8
 
 So.3d
 
 1219
 
 (Fla. 3d DCA 2009) (granting certiorari relief and quashing circuit court appellate division’s affir-mance of trial court’s granting of ore ten-us motion for summary judgment which was neither written or properly noticed).
 

 Because State Farm was deprived of a hearing as required under Rule 1.510(c), we conclude that the circuit court appellate division departed from the essential requirements of the law and deprived State Farm of due process. Accordingly, as to Lezcano, we grant the petition for writ of certiorari, quash the circuit court’s decision with directions to reverse the summary judgment entered in her favor, and to remand to the county court for further proceedings.
 
 [2]
 

 Petition granted in part, denied in part.
 

 [1]
 

 . Rule 1.510(c) states, in pertinent part:
 

 (c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence”) on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the
 
 hearing,
 
 and shall also serve at that time copies of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party shall identify, by notice mailed to the movant's attorney at least 5 days prior to the day of the
 
 hearing,
 
 or delivered no later than 5:00 p.m. 2 business days prior to the day of the
 
 hearing,
 
 any summary judgment evidence on which the adverse party relies. To the extent such summary judgment evidence has not already been filed with the court, the adverse party shall serve copies on the movant by mailing them at least 5 days prior to the day of the
 
 hearing,
 
 or by delivering them to the mov-ant's attorney no later than 5:00 p.m. 2 business days prior to the day of
 
 hearing.
 

 (emphasis added).
 

 [2]
 

 . This opinion does not preclude State Farm from addressing on remand the claims regarding reasonableness, relatedness, or necessity, as they pertain to Lezcano.