LEVINE, J.
Appellant appeals the trial court’s order finding him in contempt and removing him as personal representative of the Estate of Bertram Blechman. We find that the trial court violated appellant’s due process rights by finding him in indirect criminal contempt without complying with the procedures outlined in Florida Rule of Criminal Procedure 3.840 and by removing him as personal representative without complying with the procedures set forth in Florida Probate Rule 5.440. For these reasons, we reverse.
The decedent, Bertram Blechman, died in 2011. He was survived by his wife; his son, appellant; and his daughter. At the time of the decedent’s death, he resided with appellee, Arlene Roogow.
In 2000, decedent executed a will and a revocable living trust. The will directed that the personal representative pay all of the decedent’s debt, funeral expenses, and administrative expenses. The will devised the residue and remainder of the estate to the living trust. The will appointed appellant as the personal representative. Upon the decedent’s death, the trust named appellant as trustee and provided that the trustee distribute the trust estate equally to the decedent’s children.
In 2009, the decedent and Roogow purchased a residence in Boynton Beach. Later that year, they quitclaimed the residence to the decedent’s revocable living trust, while reserving a life estate for Roo-gow. In 2010, an amendment to the trust provided a gift to Roogow of the decedent’s interest in the residence as well as one half of the distributions from Laura Investments, LLC, a company in which the decedent owned a 50% interest. The amendment also directed that upon the decedent’s death, Roogow shall remain in the residence and receive $5,000 per month to pay for the maintenance of the residence.
In April 2011, the trial court admitted the will into probate and appointed appellant as the personal representative. Ap *1113 pellant published notice to creditors. The decedent’s wife, appellant, appellant’s daughter, and Roogow all filed statements of claims. The decedent’s wife also filed an election to take an elective share.
In September 2011, Roogow filed a motion to compel payment, claiming that appellant, as personal representative, failed to pay $5,000 per month to maintain the residence, as outlined in the trust amendment. In November 2011, the trial court granted, in part, the motion to compel payment and ordered the following:
C. The Personal Representative shall obey the directions of Article V of the Last Will & Testament of Bertram Blechman until such time as this Court orders otherwise.
D. The provisions of the Amendment to the Bertram Blechman Revocable Living Trust, Dated August 20, 2010, shall be complied with until such time as this Court orders otherwise.
Article V of the will devised the remainder of the estate to the trust.
Prior to the rendition of the trial court’s order, appellant stated in a motion that the estate’s expenses and limited liquidity rendered him unable to fund the residuary request at that time. The trial court denied appellant’s motion.
In July 2012, Roogow filed a motion for order to show cause, alleging that appellant failed to comply with the trial court’s order of November 2011 and failed to distribute monies into the trust. Roogow requested that the trial court issue an order to show cause why appellant should not be held in indirect criminal contempt for failure to comply with the trial court’s order. Appellant responded that the estate had limited liquidity and all of the estate’s liquid assets were necessary to complete the estate’s administration.
The trial court issued an order to show cause, which stated:
The Personal Representative, Robert Blechman, shall show good cause before the Honorable John Phillips on Sept. 19, 2012 at 9:80 a.m.... as to why he should not be held in contempt of court and for other sanctions for failure to comply with this Court’s November 21, 2011 Order.
If Mr. Blechman fails to appear as ordered, Mr. Blechman shall be deemed to have waived the right to a hearing.
Appellant did not appear at the hearing, but he was represented by counsel. During the hearing, Roogow requested that the trial court remove appellant as the personal representative. The trial court orally found appellant in indirect civil contempt for failure to obey the trial court’s November 2011 order. The trial court further stated that appellant could purge the contempt by filing an accounting and handing over the reins of the estate to a new personal representative.
In a written order, the trial court removed appellant as personal representative, finding he failed to comply with the powers and duties of a personal representative. The trial court also found appellant “guilty of indirect criminal contempt for his willful and intentional disregard of this Court’s prior order.” (emphasis added). The court ordered appellant to provide a final accounting and deliver the record of the estate to the new personal representative within thirty days. Finally, the court appointed a professional personal representative recommended by Roogow.
Appellant contends that the trial court’s order finding him in indirect criminal contempt violated his due process rights because it did not follow the procedures as set forth in Florida Rule of Criminal Procedure 3.840. Roogow responds that rule 3.840 does not apply because the trial *1114 court found that appellant committed indirect civil contempt. We agree with appellant that the order was one of criminal, not civil, contempt.
The denial of due process is fundamental error that can be raised for the first time on appeal. Weiser v. Weiser, 132 So.3d 309, 311 (Fla. 4th DCA 2014). “[T]he failure to comply with rule 3.840 is fundamental error and no objection is required.” Hagerman v. Hagerman, 751 So.2d 152, 154 (Fla. 2d DCA 2000).
As our supreme court has explained, “the purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court.” Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985) (emphasis omitted). “A civil contempt order must contain a specific purge provision that adequately informs the contemnor what he or she must do to purge the contempt.” Lanza v. Lanza, 804 So.2d 408, 409 (Fla. 4th DCA 2001). “The purpose of criminal contempt, on the other hand, is to punish. Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court.” Bowen, 471 So.2d at 1277 (emphasis omitted).
In the present case, the trial court removed appellant as a punishment pursuant to its powers of indirect criminal contempt, and not to obtain compliance with an earlier order pursuant to its powers of indirect civil contempt. Unlike a civil contempt order, appellant’s removal as personal representative rendered him unable to comply with the November 2011 order he allegedly violated. Additionally, the contempt order did not contain a purge provision that would enable appellant to avoid removal as personal representative. Moreover, in her motion for order to show cause, Roogow requested that the court find appellant in criminal contempt, not civil contempt. Finally, the trial court’s written order found appellant in indirect criminal contempt.
The trial court erred in finding appellant in in indirect contempt, as the proceedings did not comply with rule 3.840. Under rule 3.840, an order to show cause must “stat[e] the essential facts constituting the criminal contempt charged and requir[e] the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.” Fla. R. Crim. P. 3.840(a). “Strict compliance with Rule 3.840 is required in indirect criminal contempt proceedings.” Fiore v. Athineos, 9 So.3d 1291, 1293 (Fla. 4th DCA 2009). The proceedings below did not comply with rule 3.840, as the order to show cause did not set forth the “essential facts” constituting the contempt charged and did not even state whether the contempt was civil or criminal. See Grant v. State, 464 So.2d 650, 651 (Fla. 4th DCA 1985) (holding that an order to show cause failed to comply with rule 3.840 because it did not state any facts constituting contempt, or even state whether contempt was civil or criminal).
We further find that appellant did not receive proper notice prior to his removal as personal representative. Section 733.504(3), Florida Statutes (2012), permits the removal of a personal representative for “[fjailure to comply with any order of the court.” “The removal of a personal representative chosen by the deceased is a drastic action and should only be resorted to when the administration of the estate is endangered.” In re Murphy’s Estate, 336 So.2d 697, 699 (Fla. 4th DCA 1976). Florida Probate Rule 5.440 sets forth the procedures that must be followed for removal of a personal representative. It provides, in pertinent part:
(a) Commencement of Proceeding. The court on its own motion may re *1115 move, or any interested person by petition may commence a proceeding to remove, a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is sought, and shall be filed in the court having jurisdiction over the administration of the estate.
In the present case, no petition for removal was filed. Instead, Roogow filed only a motion for order to show cause, requesting that the court impose indirect criminal contempt sanctions on appellant. It was not until the order to show cause hearing that Roogow orally requested that appellant be removed as personal representative. Because the removal was ordered without notice or an evidentiary hearing, it did not comply with the requirements of due process. Lezcano v. Estate of Hidalgo, 88 So.3d 306, 307 (Fla. 3d DCA 2012).
In sum, we reverse and remand with instructions for the trial court to vacate the contempt order and to reinstate appellant as personal representative of the estate.

Reversed and remanded.

MAY and CIKLIN, JJ., concur.