WG EVERGREEN WOODS SH, LLC, Atria Management Company, LLC, Ventas Senior Housing, LLC, Ventas AOC Operating Holdings, Inc., VTR Evergreen Woods, LLC f/k/a A98 Senior LLC and James Westrich, Petitioners,

v.

Julie A. FARES, as Personal Representative in the Estate of Donald L. Devore, Respondent.

Case No. 5D16–1204

District Court of Appeal of Florida, Fifth District.

Opinion filed December 30, 2016

Amy L. Dilday, and Derek M. Daniels, of McCumber, Daniels, Buntz, Hartig & Puig, P.A., Tampa, for Petitioners.

Megan L. Gisclar, and Isaac R. Ruiz–Carus, of Wilkes & McHugh, P.A., Tampa, for Respondent.

EDWARDS, J.

In this case, we answer the question of whether Florida Rule of Civil Procedure 1.190(f) requires the trial court to conduct a hearing before granting leave to amend to add claims for punitive damages. Petitioners,[1] the defendants below, seek a writ of certiorari to quash the trial court's order granting Respondent, the plaintiff below, leave to file an amended complaint asserting a claim for punitive damages. First, Petitioners claim that by granting the motion to amend without holding a hearing, the trial court failed to provide the procedural due process required by rule 1.190(f). Second, Petitioners assert that Respondent failed to comply with rule 1.190(f), section 429.297(1), Florida Statutes (2015), and section 768.22, Florida Statutes (2015). Specifically, Petitioners' second claim is that Respondent failed to provide any evidence of intentional misconduct or conscious gross negligence.

We grant the writ, in part, because the trial court departed from the essential requirements of law and denied Petitioners due process by granting the motion to amend to assert claims for punitive damages without holding a hearing. We dismiss the remainder of the petition without prejudice and without reaching the merits.

■■■ Parties have a substantive right "not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court." *Estate of Despain v. Avante Grp.*,

1. Petitioners include: WG Evergreen Woods, SH, LLC; Atria Management Company, LLC; Ventas Senior Housing, LLC, Ventas AOC Operating Holdings, Inc.; VTR Evergreen Woods, LLC f/k/a A98 Senior LLC; and James Westrich (the executive director of Atria Evergreen Woods).

*Inc.*, 900 So.2d 637, 641 (Fla. 5th DCA 2005) (citing *Simeon, Inc. v. Cox*, 671 So.2d 158, 160 (Fla. 1996); *Globe Newspaper Co. v. King*, 658 So.2d 518 (Fla. 1995)). Certiorari review is available to determine whether the trial court complied with all applicable procedural requirements before granting a motion to amend pleadings to assert punitive damages. *Tilton v. Wrobel*, 198 So.3d 909, 910 (Fla. 4th DCA 2016); *see also Munroe Reg'l Health Sys., Inc. v. Estate of Gonzales*, 795 So.2d 1133, 1134 (Fla. 5th DCA 2001).

**Factual allegations and pleadings**

Donald DeVore was a resident of Atria Evergreen Woods, an assisted living facility ("the ALF") owned and operated by Petitioners. While at the ALF, DeVore received occupational and physical therapy to increase his strength. He also regularly used the ALF's hot tub during scheduled, supervised pool activity time. One afternoon, another resident of the ALF advised staff that DeVore was alone in the hot tub, and was unresponsive. A nurse and certified nursing assistant arrived and began CPR, but DeVore was declared dead from a heart attack.

Respondent, the personal representative of DeVore's estate, sued Petitioners initially seeking compensatory damages while asserting claims of negligence and wrongful death. Respondent asserted, *inter alia*, that DeVore's medical conditions contraindicated using the hot tub and that, despite assurances to him and family members to the contrary, the ALF's staff did not assist, supervise, or observe Devore while he used the hot tub. Respondent claims that DeVore drowned.

After litigating for approximately a year, Respondent moved for leave to amend its complaint to add a claim for punitive damages against all Petitioners. In accordance with the requirements of rule 1.190(f), Respondent attached its proposed amended complaint and written proffer to the motion to amend. The written proffer consisted of eighteen separate sections, including affidavits from Respondent's experts, DeVore's autopsy report, numerous deposition transcripts, the ALF's Management Agreement, the ALF's Policies and Procedures Index, photographs of the ALF pool area, a map of the ALF, the ALF's activity calendar, and the State of Florida Department of Health Inspection Reports for the ALF's hot tub. Petitioners filed their written response in opposition to Respondent's motion to amend, asserting that the proffer did not contain evidence that would support a claim of punitive damages against any of the Petitioners.

Although Petitioners made two written requests and one oral request for a hearing on Respondent's motion to amend, the trial court granted the motion to add punitive damages without conducting a hearing. The trial court found that Respondent's proffer of evidence provided a reasonable basis for recovery of punitive damages. The trial court noted that it was only ruling on Respondent's entitlement to plead for punitive damages and that it was not ruling on Respondent's actual entitlement to recover punitive damages. Petitioners timely filed their petition for certiorari.

**Rule 1.190(f) hearing**

Section 429.297, Florida Statutes (2015), provides the statutory framework for punitive damage claims against assisted living facilities. That statute, like the more general punitive damage statute, section 768.72(1), Florida Statutes (2015), provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 429.297(1), Fla. Stat. (2015).

■ Prior to October 2003, the procedural aspects of amending a complaint to

add a claim for punitive damages were governed by the general provisions of rule 1.190. However, in October 2003, the Florida Supreme Court amended rule 1.190 by adding subsection (f), which established the procedures to be followed in moving to amend to assert a claim for punitive damages. The amended rule requires that the party moving to amend must serve its supporting evidence or proffer "on all parties at least 20 days before the hearing." It is clear from the wording of the rule that a hearing is contemplated and that the hearing is part of the overall procedure that must be followed any time a party seeks to add a claim for punitive damages.[2] The rule does not contain any exceptions that permit punitive damage amendments in the absence of a hearing.

 Florida Rule of Civil Procedure 1.510(c), which sets forth the procedures to be followed with regard to summary judgment motions, provides additional guidance on whether the language used in rule 1.190(f) makes a hearing mandatory. Like rule 1.190(f), rule 1.510(c) uses the date of the "hearing" as a reference for when certain documents must be filed or served. "Florida Rule of Civil Procedure 1.510(c) contemplates a hearing on a summary judgment motion." *State Farm Fire & Cas. Co. v. Lezcano*, 22 So.3d 632, 634 (Fla. 3d DCA 2009). "[R]ule [1.510(c)] does not provide the trial court with discretion to decide whether a hearing is required." *Kozich v. Hartford Ins. Co. of Midwest*, 609 So.2d 147, 148 (Fla. 4th DCA 1992) (internal quotation marks omitted). Several cases have concluded that it is a denial of due process "to deny either party a hearing" when ruling on a motion for summary judgment. *Lezcano*, 22 So.3d at 634; *see*

*also Greene v. Seigle*, 745 So.2d 411, 411 (Fla. 4th DCA 1999); *Kozich*, 609 So.2d at 148. Such denials of due process were found sufficient to support granting a writ of certiorari in *Kozich, Green*, and *Lezcano*. The similarity between rules 1.190(f) and 1.510(c) reinforces our conclusion that the trial court must conduct a hearing prior to ruling on a motion to amend to assert a claim for punitive damages.

Although we find that a hearing is required by rule 1.190(f), neither party has requested that we outline the specific nature of the mandatory hearing. We previously noted that "an evidentiary hearing where witnesses testify and evidence is offered and scrutinized under the pertinent evidentiary rules, as in a trial, is neither contemplated nor mandated by [section 768.72] in order to determine whether a reasonable basis has been established to plead punitive damages." *Estate of Despain*, 900 So.2d at 642. The Fourth District Court of Appeal reached a similar conclusion in *Tilton*, where the trial court held a hearing, but not an evidentiary hearing, regarding plaintiff's motion to amend to assert punitive damages. *Tilton*, 198 So.3d at 910.

██ Furthermore, no local rule or local practice can eliminate the rule 1.190(f) hearing. "[T]he courts of this state are not empowered to develop local rules which contravene those promulgated by the Supreme Court." *Berkheimer v. Berkheimer*, 466 So.2d 1219, 1221 (Fla. 4th DCA 1985). "Nor may courts devise practices which skirt the requirements of duly promulgated rules." *Id.*

█ Here, the failure of the trial court to conduct a hearing before granting Respondent's motion to amend to assert a

---

**2.** Cases such as *Surrey Place of Ocala v. Goodwin*, 861 So.2d 1291 (Fla. 5th DCA 2004), do not provide any assistance in determining whether the current, amended rule requires a hearing as a matter of right because those cases analyzed only section 768.72 and were decided under the previous version of rule 1.190, which did not include subsection (f).

claim for punitive damages constitutes a departure from the essential requirements of law and a denial of Petitioners' due process rights. Certiorari is appropriate because Petitioners have a present, substantive right to be free from any claims for punitive damages and related financial discovery unless Respondent has made the appropriate showing by evidence or proffer pursuant to section 429.297 and rule 1.190(f). Thus, Petitioners would have no effective remedy on plenary appeal if they already defended against and provided financial discovery for inappropriate punitive damage claims. *See Globe Newspaper Co.*, 658 So.2d at 519–20. We grant that portion of the petition regarding Petitioners' first claim, quash the order granting Respondent leave to amend to assert a claim for punitive damages, and remand the case with instructions for the court to schedule and conduct a hearing on Respondent's motion.

### Reasonable showing by evidence or proffer

Because we are remanding this case to the lower court for a hearing on Respondent's motion to amend, we will not reach the merits of whether Respondent's evidence of record and proffer constitute a reasonable showing that Respondent has a reasonable basis to recover punitive damages as to any Petitioners. Accordingly, we dismiss that portion of the petition without prejudice to Petitioners to raise that issue at a later date if appropriate.

PETITION GRANTED in part and DISMISSED in part, ORDER QUASHED, REMANDED with instructions.

LAWSON, C.J., and LAMBERT, J., concur.