# Third District Court of Appeal

## State of Florida

Opinion filed March 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-997
Lower Tribunal No. 15-13427
_____

**Gordon B. Chiu,**
Appellant,

vs.

**Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, N.A., a national banking association,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Steven F. Samilow, P.A., and Steven F. Samilow (Boca Raton), for appellant.

Carlton Fields Jorden Burt, P.A., and Joseph H. Lang, Jr., Donald R. Kirk, and Niall T. McLachlan (Tampa), for appellee.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

LAGOA, J.

Appellant, Gordon Chiu ("Chiu"), appeals from a final summary judgment entered in favor of Wells Fargo Bank, N.A. ("Wells Fargo"). We reverse.

## I.    FACTUAL AND PROCEDURAL HISTORY

In September 2005, Appellant, Gordon Chiu ("Chiu"), and his friend, Colin Green ("Green"), purchased an investment property in Port St. Lucie, Florida. To finance the purchase, Chiu and Green signed a promissory note in the amount of $504,985.97 in favor of Wachovia Bank, N.A. Chiu and Green were jointly and severally obligated under the terms of the note. The loan fell into arrears, and on June 15, 2015, Wells Fargo, successor-by-merger to Wachovia Bank, N.A., filed a complaint against Chiu for breach of the promissory note. On September 1, 2016, Chiu filed his consolidated answer and second amended affirmative defenses. Chiu asserted numerous affirmative defenses, including estoppel, unclean hands, statute of limitations, laches, unconscionability, fraud in the inducement, negligent misrepresentation, that the extension of the due dates under the note was void or voidable, failure to mitigate damages by failing to pursue the foreclosure action, misconduct in connection with the presentation of Green's creditworthiness and finances, failure to state a cause of action, and breach of fiduciary duty.

On December 7, 2016, Wells Fargo filed its motion for summary judgment, arguing that it was entitled to judgment in its favor as a matter of law and that none of Chiu's affirmative defenses raised a genuine issue of material fact. Wells Fargo

filed an affidavit of amounts due and owing on March 1, 2017. Chiu filed a memorandum and amended memorandum in opposition to the motion for summary judgment on March 27, 2017. Chiu also filed affidavits in support of his memorandum on March 25, 2017 and March 27, 2017.

The parties agree that a hearing on Wells Fargo's motion for summary judgment was set for April 3, 2017. On March 31, 2017, however, the trial court, on its own initiative, entered an order cancelling the hearing set for April 3 and granting Wells Fargo's motion for final summary judgment. In its order, the trial court stated that it had reviewed Wells Fargo's motion and supporting materials as well as Chiu's memorandum in opposition to the motion and materials in opposition. The trial court entered final judgment in favor of Wells Fargo on April 5, 2017. Chiu's appeal ensued.

## II.    STANDARD OF REVIEW

A trial court's order entering final summary judgment is reviewed de novo. Tropical Glass & Const. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009).

## III.    ANALYSIS

Chiu argues that the trial court erred in entering summary judgment without conducting a hearing on Wells Fargo's motion for summary judgment as required by Florida Rule of Civil Procedure 1.510(c).[1] This Court has held that "Florida

---

[1] Rule 1.510(c) states, in pertinent part:

Rule of Civil Procedure 1.510(c) contemplates a hearing on a summary judgment motion." State Farm Fire & Cas. Co. v. Lezcano, 22 So. 3d 632, 634 (Fla. 3d DCA 2009). Indeed, a trial court does not have discretion to decide whether to conduct a hearing on a motion for summary judgment. Kozich v. Hartford Ins. Co. of Midwest, 609 So. 2d 147, 148 (Fla. 4th DCA 1992) ("[Rule 1.510(c)] does not provide the trial court with discretion to decide whether 'a hearing is required.'"). Thus, where a trial court grants final summary judgment without conducting a hearing pursuant to rule 1.510(c), reversal is required. See, e.g., Greene v. Seigle,

---

> (c) Motion and Proceedings Thereon. The motion must state with particularity the grounds on which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the **hearing**, and must also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served pursuant to rule 1.080 at least 5 days prior to the day of the **hearing**, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant pursuant to rule 1.080 at least 5 days prior to the day of the **hearing**, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of **hearing**.

(emphasis added).

4

745 So. 2d 411, 411 (Fla. 4th DCA 1999); Travelers Ins. Co. v. Fla. Med. Ctr., Inc., 621 So. 2d 581, 581 (Fla. 4th DCA 1993); Kozich, 609 So. 2d at 148.

Wells Fargo asserts that Chiu failed to preserve his objection to the trial court's procedure because he did not file a motion for reconsideration or rehearing below or otherwise bring the issue of a lack of hearing to the trial court's attention. Generally, in order to raise an issue on appeal, it must be presented to the trial court, and the "specific legal argument or ground to be argued on appeal must be part of that presentation." Holland v. Cheney Bros., Inc., 22 So. 3d 648, 649-50 (Fla. 1st DCA 2009); see also Pensacola Beach Pier, Inc. v. King, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (finding that appellants failed to preserve argument for appeal where the "trial court's error appeared for the first time on the face of the final summary judgment" and appellants did not attempt to correct error in the trial court). There is an exception to this general rule, however, where the trial court's action constitutes fundamental error. See Hall v. Marion Cty. Bd. of Cty. Comm'rs, 43 Fla. L. Weekly D197, D199 (Fla. 5th DCA Jan. 19, 2018) (stating that a party may raise an issue for the first time on appeal if it constitutes fundamental error); see also Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So. 2d 1231, 1235 (Fla. 1st DCA 1995).

In Lezcano, this Court held that "[a] trial court's failure to conduct a hearing prior to ruling on the motion for summary judgment constitutes a denial of the due

5

process guarantee of notice and an opportunity to be heard." 22 So. 3d at 634; accord Greene, 745 So. 2d at 411; Kozich, 609 So. 2d at 148 ("An order granting summary judgment on liability determines a party's right to the relief requested and to deny either party a hearing must be construed as a denial of due process."); cf. WG Evergreen Woods SH, LLC v. Fares, 207 So. 3d 993, 996 (Fla. 5th DCA 2016) (in determining whether Rule 1.190(f) required a hearing, appellate court looked to Rule 1.510(c) for guidance and cited to Lezcano, Kozich, and Greene, noting that "[s]everal cases have concluded that it is a denial of due process 'to deny either party a hearing' when ruling on a motion for summary judgment" (citations omitted)). A denial of due process constitutes fundamental error that may be raised for the first time on appeal. Blechman v. Dely, 138 So. 3d 1110, 1114 (Fla. 4th DCA 2014); Weiser v. Weiser, 132 So. 3d 309, 311 (Fla. 4th DCA 2014); Verizon Bus. Network Servs., Inc. v. Dep't of Corrections, 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008).

The parties agree that a hearing was scheduled on Wells Fargo's motion for summary judgment and that the trial court unilaterally cancelled the scheduled hearing. It is, therefore, appropriate for this Court to consider Chiu's due process arguments despite the fact that Chiu did not present this argument to the trial court as "[a] trial court's failure to conduct a hearing prior to ruling on the motion for

6

summary judgment constitutes a denial of the due process guarantee of notice and an opportunity to be heard." <u>Lezcano</u>, 22 So. 3d at 634.

Because we find that the trial court committed fundamental error in entering final summary judgment in favor of Wells Fargo without conducting a hearing as provided by rule 1.510(c), the final summary judgment entered in favor of Wells Fargo is reversed, and the cause remanded for further proceedings.[2] <u>See</u> <u>Lezcano</u>, 22 So. 3d at 634; <u>Greene</u>, 745 So. 2d at 411; <u>Kozich</u>, 609 So. 2d at 148.

Reversed and remanded.

---

[2] Because we are reversing on the basis of a procedural due process error, we do not address Chiu's substantive arguments directed toward the final summary judgment. <u>See</u> <u>Casa Inv. Co. v. Nestor</u>, 8 So. 3d 1219, 1221 (Fla. 3d DCA 2009) ("Because we find merit with the procedural argument raised by [petitioner], we do not address the substantive issues raised on appeal."); <u>Kozich</u>, 609 So. 2d at 148 (reversing order granting final summary judgment where trial court failed to conduct a hearing and expressing no opinion on the merits of the motion for summary judgment because "[a]ppellate review of the merits would be premature given the trial court's failure to provide appellant an opportunity to be heard").