DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOPHIA MAESTRALES,**
Appellant,

v.

**PETER MAESTRALES,**
Appellee.

No. 4D2024-1879

[August 13, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 50-2021-CP-004322.

Michael Gulisano of Gulisano Law, PLLC, Boca Raton, for appellant.

Steven Goerke of McRae Law Offices, P.A., Delray Beach, for appellee.

FORST, J.

Appellant Sophia Maestrales ("Daughter") appeals her removal as personal representative (PR) of her father's ("Father") estate without notice and a hearing. She argues the probate court's decision to remove her deprived her of due process. We agree and reverse.

## Background

Following Father's death, Daughter petitioned for administration of Father's will and for appointment as PR of his estate. The will designated Daughter as PR. The probate court issued letters of administration to Daughter and entered an order admitting the will to probate and appointing Daughter as PR of Father's estate.

Several years later, Father's estranged daughter ("Estranged Daughter") petitioned for partial revocation of the will. Father's son, appellee Peter Maestrales ("Son"), also filed a petition, seeking the removal of Daughter as PR. Two separate hearings were scheduled concerning the respective petitions. Estranged Daughter voluntarily dismissed her petition the night before the scheduled hearing regarding that petition. The probate court

nonetheless proceeded to hold the hearing at the scheduled time. Son's attorney appeared at the hearing, but neither Daughter, Estranged Daughter, nor their attorneys appeared. The probate court stated, "[c]ounsels['] [f]ailure to appear was a choice they made." The hearing addressed arguments presented in Son's petition.

Following the hearing, the probate court sua sponte removed Daughter as PR of the estate, revoked her letters of administration, and canceled as moot the hearing scheduled to consider Son's petition. This appeal follows.

## Analysis

"[A]n appellate court will not reverse an order removing a personal representative absent a trial court's abuse of discretion." *Boyles v. Jimenez*, 330 So. 3d 953, 959 (Fla. 4th DCA 2021). "[W]hether a trial court has complied with the guarantees of due process is reviewed de novo." *Huerta v. Grajales*, 357 So. 3d 153, 155 (Fla. 4th DCA 2023) (quoting *Ackerman v. HMC Assets, LLC*, 338 So. 3d 295, 296 (Fla. 4th DCA 2022)). "[T]he denial of due process is reviewed for fundamental error." *Palm Beach County v. Wilson*, 386 So. 3d 937, 939 (Fla. 4th DCA 2024) (quoting *Strems Law Firm, P.A. v. Avatar Prop. & Cas. Ins. Co.*, 297 So. 3d 592, 593 (Fla. 4th DCA 2020)).

The Federal and Florida Constitutions guarantee due process of law. Amends. V, XIV, § 1, U.S. Const.; Art. I, § 9, Fla. Const. "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).

We have held that where "removal [of a PR] was ordered without notice or an evidentiary hearing, it did not comply with the requirements of due process." *Blechman v. Dely*, 138 So. 3d 1110, 1115 (Fla. 4th DCA 2014) (citing *Lezcano v. Est. of Hidalgo*, 88 So. 3d 306, 307 (Fla. 3d DCA 2012)). "Due process requires that a party be given a real opportunity to be heard and defend in an orderly procedure before judgment is rendered against him." *Ackerman*, 338 So. 3d at 297.

In *Fromvald v. Wolfe*, 760 So. 2d 1020 (Fla. 4th DCA 2000), a probate court set a trial on a petition to remove one PR but removed *all* PRs and revoked their letters testamentary after the trial. *Id.* at 1021–22. We held that "the lack of prior notice would clearly render any such determinations

2

void," reversed the trial court's order, and reinstated the appellant as the PR, "subject of course to removal upon good cause shown after notice and hearing." *Id.* at 1022. In so holding, we recognized that "[a]n issue determined in spite of prior notice that it will not be considered is a denial of elemental due process." *Id.*

Here, the probate court sua sponte removed Daughter as PR at a hearing noticed for an issue distinct from that raised by Estranged Daughter. The basis of Daughter's removal had been scheduled to be addressed at a later hearing. The probate court failed to afford Daughter notice and an opportunity to be heard prior to removing her as PR. *See id.* at 1021–22; *Blechman*, 138 So. 3d at 1115. That is fundamental error. *See Wilson*, 386 So. 3d at 939.

## Conclusion

We reverse the order removing Daughter as PR and revoking her letters of administration. In so doing, we decline to weigh in on the merits of the probate court's decision to remove Daughter as PR and reverse only on due process grounds. We remand for the reinstatement of Daughter as PR, subject to removal upon good cause shown after Daughter is given notice and an opportunity to be heard. *See Fromvald*, 760 So. 2d at 1022.

*Reversed and remanded.*

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3