PER CURIAM.
Where only a single order on a motion to compel discovery had been entered by the court, and there was no evidence to support a finding of bad faith, willful disregard or gross indifference to the court’s order, dismissal of the case was too severe a sanction for the violation. De Trujillo v. Dominguez, 532 So.2d 1101 (Fla. 3d DCA 1988); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 297 (Fla.1987).
Furthermore, we disapprove of the action of appellee’s Miami counsel of mailing notice to opposing counsel in West Palm Beach on Wednesday, May 11, for a hearing on a motion for sanctions scheduled in Miami on Tuesday, May 17. The one-day actual notice to appear, as complained of, was unreasonable in light of the distance from appellant counsel’s office to the courthouse. See H. Trawick, Tramck’s Florida Practice and Procedure § 9-7 (1987 ed.) (notice must be served in reasonable time before hearing; one day notice is not reasonable). On receiving notice, appellant immediately telephoned the court requesting a continuance due to the late notice and a schedule conflict. The refusal of the trial court to grant an extension, under the circumstances, and its concomitant dismissal of the action, constituted an abuse of discretion. Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987) (trial court’s order of dismissal reversed where plaintiff did not receive adequate notice of the hearing for alleged discovery violations).
The cause is reversed with instructions to reinstate the complaint, reschedule the hearing on the motion for sanctions and, if appropriate, to consider the imposition of lesser sanctions.