ROTHENBERG, J.
Janet Rodriguez (“Janet”) and Francisca Rodriguez (“Francisca”) (collectively, “the Rodriguezes”), appeal a final judgment of foreclosure on the basis that they did not receive notice of the final hearing. We reverse and remand for further proceedings.
ALS Commercial Funding, LLC (“ALS”), filed a commercial foreclosure action against the Rodriguezes. During the pendency of the action, the Rodriguezes filed a notice of change of address, requesting that all correspondence be sent to their new address. Thereafter, ALS filed a notice of hearing notifying the Rodri-guezes that ALS’s motion for summary final judgment of foreclosure would be heard on February 19, 2013. The mailing list attached to the notice of hearing indicates that the notice was mailed to both Janet and Francisca at their former address. The Rodriguezes did not attend the hearing and, following the hearing, the trial court entered a final judgment of foreclosure in favor of ALS and against the Rodriguezes.
As the record before this Court indicates that the notice of hearing was mailed to the Rodriguezes’ former address, we must reverse the final judgment of foreclosure and remand for further proceedings. See Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999) (“A final judgment is void where the notice of hearing that re- *492 suited in the judgment was sent to an incorrect address and, as a result, the defendant failed to receive notice.”); Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991) (“It is well settled that a judgment entered without notice to a party is void.”); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988) (“A judgment entered without notice to a party is void.”); see also Jade Winds Ass’n v. Citibank, N.A., 63 So.3d 819, 822 (Fla. 3d DCA 2011) (“A basic element of procedural due process is notice and an opportunity to be heard”). On remand, the Rodriguezes are permitted to address with the trial court any issues relating to the receiver.
Reversed and remanded.