DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRADLEY VERCOSA** and **SUPERCLEAN RESTORATION, LLC,**
Appellants,

v.

**CLAUDIA FIELDS, CRAIG GREENE, MSG BUILT-TECH
CONSTRUCTION CORPORATION** and **ANDRES R. NUNEZ,**
Appellees.

No. 4D14-4724

[ August 26, 2015 ]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 12-021742 08.

Warren B. Kwavnick and Paul D. Shafranski of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, and Ruben E. Socarras of Marshall Socarras Grant, P.L., Boca Raton, for appellants.

Ian T. Kravitz of Malka & Kravitz, P.A., Sunrise, for Appellee-Claudia Fields.

BOORAS, TED, Associate Judge.

The trial court denied appellants' motion to vacate the final judgment. Because the final judgment was void, we reverse.

A default as to liability was entered against appellants when they failed to file any responsive pleadings after being served with the complaint. Because the complaint alleged damages without demanding a specific amount, the damages were unliquidated. *See Watson v. Internet Billing Co.*, 882 So. 2d 533, 534 (Fla. 4th DCA 2004).

A final hearing as to the amount of damages was set for a specific time and location. Appellants[1] appeared for the trial at the scheduled location,

---

[1] For ease of reference, we refer to both appellants collectively, but we note that Appellant Vercosa was attempting to appear on behalf of himself and Appellant Superclean Restoration, LLC. Although Vercosa was a pro se litigant who could

arriving fifteen minutes early. After waiting twenty-five minutes, appellants were advised that the trial location was moved to another room in the courthouse. After arriving at the judge's chambers, appellants were advised that the trial on damages had already occurred. Appellants then filed a motion to vacate the final judgment, which the trial court denied without prejudice to appellants asserting meritorious defenses. Appellants later filed a renewed motion to vacate, which the trial court denied. This appeal ensued.

An appellate court ordinarily reviews the denial of a motion to vacate a final judgment under the abuse of discretion standard of review. *Shiver v. Wharton*, 9 So. 3d 687, 689 (Fla. 4th DCA 2009). Where a final judgment is void, however, the trial court has no discretion and is obligated to vacate the judgment. *Horton v. Rodriguez Espaillat y Asociados*, 926 So. 2d 436, 437 (Fla. 3d DCA 2006). Whether a judgment is void is a question of law reviewed de novo. *See Infante v. Vantage Plus Corp.*, 27 So. 3d 678, 680 (Fla. 3d DCA 2009).

Appellants argue that the final judgment entered by the trial court was void. We agree.

A void judgment is one that is "so defective that it is deemed never to have had legal force and effect." *Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n.*, 968 So. 2d 658, 665 (Fla. 2d DCA 2007). A void judgment may be attacked at any time under rule 1.540(b)(4). *Tannenbaum v. Shea*, 133 So. 3d 1056, 1060 (Fla. 4th DCA 2014). If the judgment is void, a party is not required to demonstrate excusable neglect, a meritorious defense, or due diligence in moving to set aside the judgment. *Mullne v. Sea-Tech Constr., Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012); *Taylor v. Taylor*, 67 So. 3d 359, 362 (Fla. 4th DCA 2011).

In Florida, it is well settled that a defaulting party is entitled to notice and an opportunity to be heard when the damages are unliquidated. *Rodriguez-Faro v. M. Escarda Contractor, Inc.*, 69 So. 3d 1097, 1098 (Fla. 3d DCA 2011). A judgment entered without such notice and opportunity to be heard is void. *See Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006) ("A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void."); *see*

---

not have represented Superclean at the trial on damages, even unrepresented companies are entitled to proper notice. Moreover, because Vercosa and Superclean were jointly and severally liable for damages, Superclean stood to benefit from any mitigating evidence on damages that Vercosa might have introduced.

*also Tannenbaum*, 133 So. 3d at 1061 ("A judgment is void if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard.") (internal quotations and alterations omitted).

Several courts have held that if the notice of hearing was mailed to the incorrect address, the final judgment is void. *See Watson v. Watson*, 583 So. 2d 410, 411 (Fla. 4th DCA 1991) (reversing order denying motion to set aside a final judgment where the court did not mail the notice of trial to the party's correct address, and explaining: "It is well settled that a judgment entered without notice to a party is void."); *Rodriguez v. ALS Commercial Funding, LLC*, 138 So. 3d 491, 491 (Fla. 3d DCA 2014) ("As the record before this Court indicates that the notice of hearing was mailed to the Rodriguezes' former address, we must reverse the final judgment of foreclosure and remand for further proceedings."); *Greisel v. Gregg*, 733 So. 2d 1119, 1121 (Fla. 5th DCA 1999) ("A final judgment is void where the notice of hearing that resulted in the judgment was sent to an *incorrect* address and, as a result, the defendant failed to receive notice.").

Similarly, in this case, while appellants were given notice of the trial, the location was changed without notice, thus depriving appellants of their due process right to be heard. We therefore reverse and remand for a new trial on damages.

*Reversed and Remanded.*

CIKLIN, C.J., and CONNER, J., concur.

*    *    *

**_Not final until disposition of timely filed motion for rehearing._**