DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER TORRES** a/k/a **CHRISTOPHER JUNIOR TORRES** and
**DOREEN ROSE TORRES** a/k/a **DOREEN CYPRESS-TORRES** a/k/a
**DOREEN ROSE CYPRES,**
Appellants,

v.

**ONE STOP MAINTENANCE & MANAGEMENT, INC.,** and **MICHAEL'S
DECORATION, INC.,**
Appellees.

No. 4D14-277

[October 21, 2015]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. CACE11020913(08).

Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellants.

Jose R. Riguera of Berman, Kean & Riguera, P.A., Fort Lauderdale, for appellees.

MAY, J.

The defendants appeal an order denying their motion to vacate a final judgment. They argue the judgment is void because they were denied due process when they did not receive timely notice of the trial on unliquidated damages. We agree and reverse.

The underlying dispute is irrelevant to our discussion. Suffice it to say, the plaintiffs sued the defendants for breach of oral contracts for services, quantum meruit, and unjust enrichment. In their amended complaint, they sought unliquidated damages in the amount of $456,080.67. The defendants answered the complaint, and raised affirmative defenses; they did not demand a jury trial.

In October 2012, the plaintiffs moved for summary judgment, and served a notice of hearing for January 28, 2013, on defense counsel. In November 2012, defense counsel moved to withdraw and served the

motion on the defendants at their home address.  In December 2012, the trial court granted defense counsel's motion to withdraw, and instructed the defendants to retain new counsel within ten days of the order or proceed pro se.  In the order, the court cautioned the defendants that the summary judgment hearing would not be continued.  The court served the order on the defendants and their withdrawn counsel.

Just before the summary judgment hearing, the defendants filed two affidavits of indebtedness.  The summary judgment hearing proceeded, and the trial court granted summary judgment on liability noting that damages were to be set.

The plaintiffs subsequently moved for a determination of damages.  The certificate of service in the motion is dated February 25, 2013, and states the plaintiffs served the defendants at their home address.  The plaintiffs also moved for entry of judgment based on the trial court's summary judgment.  That motion states that it was served on the defendants at their home address on the same date.  Interestingly, the motion also states, "[T]he Court having heard argument on March 4, 2013 and considered all evidence presented."

The record contains a notice of hearing for the motion for determination of damages and motion for entry of judgment, which set the hearing for March 4, 2013.  The certificate of service represents that plaintiffs' counsel served the notice on the defendants at their home address on February 25, 2013.  The docket stamp, however, shows the notice of hearing was not docketed until March 6, 2013—two days after the hearing occurred.  The defendants did not attend the March 4, 2013 hearing and claimed they did not receive the notice of hearing until March 5, 2013.

On March 13, 2013, the trial court entered a final judgment on damages.  The order stated that after having been presented with evidence from the plaintiffs, the court awards damages in the amount of $63,324.98 to one plaintiff and $398,805.41 to the other.  The court served the final judgment on the defendants at their home address.  The defendants admit they received the final judgment the day after it was rendered.

On July 26, 2013, just under five months after entry of the final judgment, the defendants moved through new counsel to vacate the final judgment.  They argued they did not receive the notice of hearing for the damages trial until March 5, 2013—the day after it occurred—and that is why they did not attend.  Because they did not receive notice of the damages trial, they were denied due process.

2

The plaintiffs opposed the motion and argued that because the defendants have received twenty-five court documents at their home address since entry of the final judgment, they cannot argue they did not receive notice of the damages trial, which was sent to the same address. They also argued the defendants' motion to vacate was legally insufficient and untimely.

At the December 17, 2013 evidentiary hearing on their motion to vacate, the defendants called an employee from the Broward County Clerk of Court, who testified that when the clerk's office receives a document by mail, it is time stamped to show it has been received. The notice of hearing for the damages trial was dated March 6, 2013, meaning it was received by the clerk on that date.

One of the defendants testified that she received an envelope which contained the notice of hearing on March 5, 2013, the day after the March 4, 2013 damages trial. She was unable to take any action because she had no money for a lawyer. When she could afford it, she hired a lawyer. During her testimony, the court and counsel realized the envelope she received with the notice of hearing was not postmarked.

When asked why she did not appear pro se at the summary judgment hearing, she responded she did not know she could come by herself. She emphasized that neither she nor her husband appeared for any court related issues when they did not have a lawyer because they did not know they could represent themselves. She could not remember when she received the motion for determination of damages and motion for entry of judgment.

The former defense lawyer testified that he withdrew because the defendants could not pay him. He confirmed he spoke with one of the defendants about the pending summary judgment hearing after he withdrew and informed her she had a right to be at the hearing.

Plaintiffs' counsel testified that he confirmed the defendants received notice of the summary judgment hearing. After final judgment was entered, the defendants failed to appear at any hearings even though they received notice of them. As to the notice of hearing for the damages trial, counsel stated he assumed one of his assistants mailed it to the defendants; he did not know why the envelope was not postmarked. He also did not know when the notice of hearing was actually put in the mail.

After presentation of the evidence, defense counsel argued: (1) Florida Rule of Civil Procedure 1.440(c) requires trial be set with no less than thirty

days' notice from service of the notice of trial, and the notice of hearing for the damages trial was sent less than five days before trial; and (2) the defendants' due process rights were violated because they did not receive notice of the damages trial until after the trial had occurred. He requested the court to set aside the judgment as void. The plaintiffs' counsel responded that the defendants failed to file their Rule 1.540 motion within a reasonable time, failed to file a sworn motion to set aside the judgment, and failed to allege excusable neglect.

The trial court then acknowledged that the notice of hearing for the damages trial was insufficient as far as timing, and that it was not clear whether the defendants received notice before the trial occurred. The court indicated it would base its decision on the credibility of the witnesses. The court then asked the parties the following:

> [A]ssuming she even did get [the notice], it could still be short notice; does that render my judgment void or is it simply voidable and if it's voidable then I guess we go to 1.540. Since she was not afforded the opportunity to be present, what do we do about that?

Plaintiffs' counsel argued that even if the defendants received the notice of hearing the day after the damages trial, they could have moved for rehearing or done something to set aside the judgment. Thus, he argued the final judgment was merely voidable.

The trial court denied the motion to vacate stating, "[T]he Final Judgment was/is voidable not void. The [defendants] after timely receiving a copy of the Final judgment took no action for a period of five (5) months to set aside Final Judgment, seeking rehearing or file an Appeal despite having actual knowledge." From that order, the defendants now appeal.

The defendants continue to argue the trial court erred in denying their motion to vacate the final judgment because the plaintiffs' failure to provide notice of the damages trial violated their due process rights rendering the final judgment void. They argue that because a final judgment can be attacked as void at any time, their motion to vacate was timely.

The plaintiffs respond the trial court correctly denied the motion to vacate because the final judgment was only voidable since the defendants received timely notice of the entry of the final judgment, failed to move for rehearing or for a new trial, or file a notice of appeal. They assert that waiting five months to vacate the final judgment is unreasonable. While

4

they concede they did not provide thirty days' notice of the damages trial as required by Rule 1.440(c), that issue should have been raised by a timely appeal, not a motion to vacate final judgment five months after entry of the judgment.

The defendants reply that none of the cases relied upon by the plaintiffs address due process violations; a final judgment entered without notice and an opportunity to be heard is void.

While we ordinarily review an order on a motion to vacate final judgment for an abuse of discretion, where the judgment is void, we have de novo review. *Vercosa v. Fields*, 40 Fla. L. Weekly D1979, at D1979 (Fla. 4th DCA Aug. 26, 2015).

The sole question to be decided is whether the final judgment was void. Our decision in *Vercosa v. Fields*, 40 Fla. L. Weekly D1979 (Fla. 4th DCA Aug. 26, 2015), answers that question. "[I]t is well settled that a defaulting party is entitled to notice and an opportunity to be heard when the damages are unliquidated. A judgment entered without such notice and opportunity to be heard is void." *Id.* at D1980 (internal citation omitted). That is precisely what happened here.

Even if notice had been sent on February 25, 2013, as argued by the plaintiffs, the defendants would have received only a few days' notice for a damages trial. Florida courts have held that such short notice is insufficient to satisfy due process. *See, e.g., J.B. v. Fla. Dep't of Children & Family Servs.*, 768 So. 2d 1060, 1066–67 (Fla. 2000) (twenty-four hours' notice for a termination of parental rights proceeding is unreasonable); *Woolf v. Woolf*, 901 So. 2d 905, 911 (Fla. 5th DCA 2005) (two days' notice insufficient for civil contempt hearing); *P & L Fla. Inv., Inc. v. Ferro*, 545 So. 2d 448, 448 (Fla. 3d DCA 1989) (six days' notice in advance of a hearing is unreasonable); *Montgomery v. Cribb*, 484 So. 2d 73, 75 (Fla. 2d DCA 1986) (two days' notice of a hearing on a motion to strike is unreasonable).

Due process is precisely why Florida Rule of Civil Procedure 1.440(c) "mandates [that] the parties to litigation are entitled to an order setting a case for trial and the order setting the case for trial shall give at least thirty days notice from the entry of that order to the trial date itself." *Mourning v. Ballast Nedam Constr., Inc.*, 964 So. 2d 889, 892 (Fla. 4th DCA 2007) (citation omitted); *see* Fla. R. Civ. P. 1.440(c). Florida law guards due process rights for unliquidated damages claims. *See Mourning*, 964 So. 2d at 892; *Viets v. Am. Recruiters Enters.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006); *Pierce v. Anglin*, 721 So. 2d 781, 783 (Fla. 1st DCA 1998); *see*

*also Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 662 (Fla. 3d DCA 2007).

Here, the final judgment awarded $456,080.67 in unliquidated damages, a significant amount. The defendants were entitled to timely notice of the damages trial and an opportunity to be heard. The trial court erred in denying the motion to vacate the final judgment. We therefore reverse and remand the case for a new trial on damages.

*Reversed and Remanded.*

CIKLIN, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6