DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BANK OF AMERICA, N.A.,**
Appellant,

v.

**MICHAEL N. FOGEL** and **RITA FOGEL,**
Appellees.

No. 4D14-4518

[May 18, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy J. McCarthy, Judge; L.T. Case No. 502009CA017406XXXXMB.

Morgan L. Weinstein of Van Ness Law Firm, P.A., Deerfield Beach, for appellant.

James A. Burnham and E. Cole FitzGerald, III, of FitzGerald, Mayans & Cook, P.A., West Palm Beach, for appellees.

MAY, J.

Everything in life is timing. This is a simple case of due process. The bank appeals an order that vacated its foreclosure judgment. It argues that it was denied reasonable notice and an opportunity to be heard. We agree and reverse.

After the trial court entered a final judgment of foreclosure in favor of the bank, the borrowers moved for rehearing. Subsequently, on September 29, 2014, an attorney from Van Ness Law Firm, PLC filed a notice of appearance as co-counsel for the bank and designated its primary email address. Tripp Scott, P.A. represented the bank at trial.

On October 15, 2014, the trial court issued a scheduling order and notice of hearing for October 20, 2014. The order required copies of documents and pleadings to be provided to the court five days prior to the hearing. The order indicated that copies were furnished by mail to attorneys at Tripp Scott's address, an attorney at the borrowers' counsel's address, and a non-attorney at the Van Ness Law Firm.

When the hearing occurred, no one appeared to represent the bank. The trial court asked the borrowers' counsel if he knew where opposing counsel was. Counsel responded:

> I don't know, Your Honor. I received an email when I set the hearing from the counsel that was here at trial that somebody else was taking over. I e-mailed that person and I sent them the same notice. I haven't heard at all. I haven't seen a notice of appearance. So I don't think they are even in the case.

On October 21, 2014, the bank filed a stipulation to substitute its counsel from Tripp Scott to the Van Ness Law Firm. On October 24, 2014, the trial court vacated the final judgment and entered an amended final judgment for the borrowers. In its order, the court noted: "No one appeared for [the bank]." On October 28, 2014, the court entered an order allowing the bank's counsel to be substituted from Tripp Scott to the Van Ness Law Firm. From the amended final judgment, the bank now appeals.

The bank argues the trial court denied it due process in entering the amended final judgment without providing it with sufficient notice and a meaningful opportunity to be heard. The court sent the scheduling order to a non-attorney at the Van Ness Law Firm. It also gave only four days' notice of the hearing and required documents to be submitted five days before the hearing, which was temporally impossible.

The borrowers respond that the bank waived its procedural due process argument because it did not make the argument at the trial court. It argues that Florida Rule of Judicial Administration 2.516(h) permits trial courts to send orders by mail. The hearing was not evidentiary and the bank's inability to comply with parts of the order did not excuse it from appearing. The record established that both of the bank's lawyers were served with the scheduling order.

The bank replies that it did not waive its due process argument. The borrowers' interpretation of rule 2.516(h) is based on a misreading of the rule. Contrary to the borrowers' arguments, the hearing was evidentiary. Any lack of record activity shows it lacked fair notice of the hearing. And even if it had received notice, it was still an insufficient time frame under current case law.

"We have de novo review of a trial court's compliance with the guarantees of due process." *Flegal v. Guardianship of Swistock,* 169 So. 3d 278, 281 (Fla. 4th DCA 2015) (citation omitted).

If a party's due process rights are violated, the underlying final order is void. *U.S. Bank Nat'l Ass'n v. Proenza*, 157 So. 3d 1075, 1076 (Fla. 3d DCA 2015). "When due process is denied, fundamental error occurs." *Dep't of Children & Families v. T.S.*, 154 So. 3d 1223, 1226 (Fla. 4th DCA 2015) (citation omitted).

The trial court signed the scheduling order on October 14, 2014; it was filed on October 15, 2014. The order scheduled the hearing on October 20, 2014, which gave four or five days between the scheduling order and the hearing date. The scheduling order was mailed to Tripp Scott, which was technically still record counsel, and the Van Ness Law Firm, which was also record counsel. Even if the bank was properly served with the notice immediately upon the court's signing the order or upon filing the next day, the bank would not have been given sufficient notice.

Assuming it would take between one to two days for the order to arrive through the mail, counsel would have received the order on Friday the 17th, with the hearing on Monday the 20th. This short time frame is a violation of due process. *Torres v. One Stop Maint. & Mgmt., Inc.*, 178 So. 3d 86, 89 (Fla. 4th DCA 2015).

The short notice was also unreasonable given the trial court order anticipating an evidentiary hearing. "On a motion for a rehearing of matters heard without a jury . . . the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." Fla. R. Civ. P. 1.530(a). Here, the scheduling order noted: "Operative pleadings, Motions, Designation of Exhibits, Witnesses and copies of legal authority are to be physically delivered to all the parties and to Judge McCarthy's chambers no later than five (5) business days before the hearing." The order's direction revealed that the hearing was of an evidentiary nature.

The bank did not appear at the hearing, the trial court vacated a final judgment in favor of the bank, and entered an amended final judgment in favor of the borrowers. The inadequate notice period between the scheduling order's mailing and the hearing date violated the bank's due process rights.

We therefore reverse the amended final judgment and remand the case to the trial court for a properly noticed hearing on the borrowers' motion with sufficient time for the bank to have a meaningful opportunity to be heard.

*Reversed and Remanded.*

CIKLIN, C.J., and TAYLOR, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***