SALARIO, Judge. Yanery Rodriguez and Jose Hernandez appeal from a trial court order denying their motion to set" aside a default and resulting judgment for money damages in favor of Jeffrey Thompson. To the extent the order declined to set aside the default as to liability, we affirm it without comment. Because the record contains no evidence that Ms. Rodriguez and Mr. Hernandez were provided notice of the trial on damages, however, we reverse the order insofar as it refused to set aside the judgment and remand for a new trial on damages. Mr. Thompson brought a negligence action against Ms. Rodriguez and Mr. Hernandez to recover for injuries he suffered in an auto accident. Ms. Rodriguez and Mr. Hernandez were both validly served with the complaint. Each of them filed handwritten, pro se documents in which they generally denied liability. Although they .each were served with many .other pleadings, papers, and orders requiring their attention to and appearance in the trial court proceedings, the trial court did not hear further from either of them until the motion that is the subject of this appeal was filed. Mr. Thompson sought and obtained a default on liability. Thereafter, the court entered- an order setting a trial on the issue of damages. There is no certificate of .service for this order in the record or entered on the ease progress docket. And although the bottom,of the order has a note that reads “conformed copies to”— indicating that conformed copies of the order were to be delivered to recipients listed beneath the note—there are no names, addresses, or other information under that note that would indicate to whom, if anyone, the order was mailed or otherwise delivered. After a jury trial, at which neither Ms. Rodriguez nor Mr. Hernandez was present, the trial court entered a judgment against them for $1,190,000. Ms. Rodriguez and Mr, Hernandez later appeared through counsel and filed a motion to set aside the default and the resulting judgment. In relevant part, they argued that the judgment should be set aside under Florida Rule of Civil Procedure 1.540(b) because it was void insofar as they had not been served with the order setting the damages trial. They each filed an affidavit swearing that they had not received a copy of the order setting the damages trial and had not otherwise received notice of that trial, After a nonevidentiary hearing, the trial court denied the motion. An order denying a rule 1.540(b) motion is ordinarily reviewed for an abuse of discretion. Carmona v. Wal-Mart Stores, E., LP, 81 So.3d 461, 464 (Fla. 2d DCA 2011). “Where a final • judgment is void, however, the trial court has no discretion and is obligated to vacate the judgment.” Vercosa v. Fields, 174 So.3d 550, 552 (Fla. 4th DCA 2015); cf. Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007) (“A void judgment is so defective that it is deemed never to have had legal force and effect”). For that reason, the question of whether or not a judgment is void is reviewed de .novo. Vercosa, 174 So.3d at 552. Applying that standard of review, we' conclude- that the trial cohrt’s damages judgment is void because there is no evidence in this record that Ms. Rodriguez and Mr. Hernandez were provided with notice of the damages trial. Even when a default on liability has been entered against a litigant, the defaulting party remains entitled to a trial on damages where, as here, the damages are unliqui-dated. See Szucs v. Qualico Dev., Inc., 893 So.2d 708, 712 (Fla. 2d DCA 2005). As such, a defaulted party has a due process right to notice and an opportunity to be heard on the subject of unliquidated damages. Asian Imps., Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994); see also Vercosa, 174 So.3d at 552; Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So.3d 1097, 1098 (Fla. 3d DCA 2011). To ensure that a defaulted party’s entitlement to notice is honored, rule 1.440(c) requires that “[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080.” See also Fla. R. Civ. P. 1.080; Fla. R. Jud. Admin. 2.516. “[This] rule is designed to safeguard the parties’ right to procedural due process.” Brown v. Reynolds, 872 So.2d 290, 297 (Fla. 2d DCA 2004). A judgment that has been entered in violation of due process is void. State Farm Mut. Auto Ins. Co. v. Statsick, 231 So.3d 528, -, 2017 WL 2989010 (Fla. 2d DCA July 14, 2017). It follows, therefore, that when a trial court enters a judgment awarding unliquidated damages against a defaulted party after a tidal of which the defaulted party was not provided notice, the resulting judgment is void. See Vercosa, 174 So.3d at 552-53; Rodriguez v. ALS Commercial Funding, LLC, 138 So.3d 491, 491-92 (Fla. 3d DCA 2014); Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999). This record contains ample evidence of Ms. Rodriguez’s' and Mr. Hernandez’s failure to respond to prior pleadings and orders, and we thus doubt that they would have appeared at a damages trial even if they had received notice of it. But the law is settled that they were entitled to that notice. And this record contains no evidence that it was given to them. On the contrary, the evidence points in the opposite direction. As such, the final judgment is void to the extent it awarded damages in violation of Ms. Rodriguez’s and Mr. Hernandez’s due process rights, and the trial court should have granted their motion to that extent. See Hill v. Murphy, 872 So.2d 919, 922 (Fla. 2d DCA 2003) (reversing order denying motion to set aside judgment where defaulted party was not served with order setting damages trial). Accordingly, although we affirm the trial court’s order to the extent it declined to set aside the default as to liability, we reverse that order to the extent it declined to set aside the damages judgment. We remand the case to the trial court with instructions to vacate the judgment and to hold a new trial on damages. Affirmed in part; reversed in part; remanded with directions. LaROSE, C.J., and VILLANTI, J., Concur.