DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MERLANDE RICHARD** and **ELIE RICHARD,**
Appellants,

v.

**BANK OF AMERICA, N.A.,**
Appellee.

No. 4D18-1581

[November 14, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE10-33928 (13).

James Jean-Francois of the Law Offices of James Jean-Francois, P.A., Hollywood, for appellants.

Paul W. Burke, Eric Retter, and Kristen Johnson of Drew Eckl & Farnham, LLP, Atlanta, Georgia, for appellee.

PER CURIAM.

Merlande and Elie Richard ("borrowers") appeal an order denying a rule 1.540 motion for relief from judgment seeking to vacate a 2011 summary judgment. The borrowers contend the judgment was void because the court granted summary judgment without notice or a hearing four days after Bank of America ("bank") filed a motion for summary judgment. Following a non-evidentiary hearing, the trial court denied the motion for relief from judgment concluding that the judgment was voidable, not void, and as a result, the rule 1.540 motion had to be filed within one year of the judgment.

The borrowers made a preliminary showing that their due process rights were violated. The bank suggests this case is like *Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n*, 968 So. 2d 658 (Fla. 2d DCA 2007), but the limited record in this appeal does not support that conclusion. The bank did not present any evidence that the borrowers knew of the judgment in time to seek rehearing or to appeal. Because that issue may control whether the judgment was void, we reverse and remand for the trial court

to hold an evidentiary hearing to determine when the borrowers learned of the final judgment.

## *Procedural history*

On July 30, 2010, the bank filed a breach of contract action against the borrowers to recover $334,034.23 from an unpaid loan. On October 25, 2010, the bank moved for default. Two days later, the borrowers moved to dismiss the complaint. While that motion was pending, the bank moved for a default judgment on March 17, 2011. The bank withdrew its motion for default judgment less than two weeks later. On April 1, 2011, the bank filed a response to the motion to dismiss and moved for leave to amend the complaint. It appears that a default judgment was erroneously entered, and on April 11, 2011, the court entered an agreed order vacating the default.

On May 9, 2011, while the motion to dismiss and motion to amend the complaint were pending, the bank moved for summary judgment. On May 13, 2011, the court entered an order granting a motion for default judgment against the borrowers. Although the title indicated that it was granting default, the body of the order grants summary judgment. No summary judgment hearing was held. The borrowers contend that they were not served with the final order. Unaware of the summary judgment, they filed an answer, affirmative defenses, a response to request for admissions, interrogatories, and a request for production of documents.

The docket does not reflect any other motions until April 5, 2018, when the borrowers filed this rule 1.540 motion to reopen the case and vacate the summary judgment. The trial court heard argument from the parties. The bank did not dispute that there was no notice or hearing. It argued that the judgment was on the docket and the borrowers' remedy was to move for rehearing or appeal. The bank maintained that the judgment was at most voidable and the motion to vacate was time barred. The trial court agreed and denied the motion for relief from judgment.

## *Whether the judgment is void or merely voidable*

If a judgment is void it can be challenged at any time, and the movant does not need to show excusable neglect, a meritorious defense, or due diligence in moving to set it aside. Fla. R. Civ. P. 1.540(b)(4); *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015).

"A judgment is void when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person of the defendant or where there is a violation of due process." *State Farm Mut.*

*Auto. Ins. Co. v. Statsick*, 231 So. 3d 528, 531 (Fla. 2d DCA 2017) (citing *Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014)).

The bank suggests that a judgment is void only where the trial court lacks personal or subject matter jurisdiction. However, this court has repeatedly recognized that a judgment is also void where it violates the due process guarantees of notice and an opportunity to be heard. *Bank of Am., N.A. v. Fogel*, 192 So. 3d 573, 575 (Fla. 4th DCA 2016) ("If a party's due process rights are violated, the underlying final order is void."); *Hendrix v. Dep't Stores Nat'l Bank*, 177 So. 3d 288, 290 (Fla. 4th DCA 2015); *Vercosa*, 174 So. 3d at 552; *Shiver v. Wharton*, 9 So. 3d 687, 690 (Fla. 4th DCA 2009); *Tannenbaum*, 133 So. 3d at 1061; *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006).

It is undisputed that the trial court granted summary judgment without a hearing four days after the bank filed its motion.

> Florida Rule of Civil Procedure 1.510(c) contemplates a hearing on a summary judgment motion. "The rule does not provide the trial court with discretion to decide whether 'a hearing is required.'" *Kozich v. Hartford Ins. Co. of Midwest*, 609 So. 2d 147, 148 (Fla. 4th DCA 1992). A trial court's failure to conduct a hearing prior to ruling on the motion for summary judgment constitutes a denial of the due process guarantee of notice and an opportunity to be heard. *Id.* ("An order granting summary judgment on liability determines a party's right to the relief requested and to deny either party a hearing must be construed as a denial of due process."); *accord Greene v. Seigle*, 745 So. 2d 411 (Fla. 4th DCA 1999) (where trial court granted defendant's motion for summary judgment without a hearing or notice to plaintiff it violated Rule 1.510(c) and plaintiff's due process rights requiring reversal).

*State Farm Fire & Cas. Co. v. Lezcano*, 22 So. 3d 632, 634 (Fla. 3d DCA 2009) (footnote omitted); *see also Chiu v. Wells Fargo Bank, N.A.*, 242 So. 3d 461, 463 (Fla. 3d DCA 2018).

On appeal, the bank argues that due process was satisfied because a summary judgment hearing is not necessarily required. The bank relies on *The Florida Bar v. Rapoport*, 845 So. 2d 874 (Fla. 2003), but that opinion does not support the bank's argument. *Rapoport* involved the unauthorized practice of law. The Florida Supreme Court recognized this situation is different and expressly declined to consider whether the

summary judgment rule always requires a hearing in a civil proceeding if there was adequate notice and opportunity to be heard and the non-movant simply fails to show any material issue in dispute.

The bank also suggests that due process was satisfied because the borrowers should have been aware of the order from the docket and their remedy was to move for rehearing or appeal. Generally, notice after the fact does not satisfy due process. "A motion for rehearing is not a sufficient, meaningful opportunity to be heard. To be fair or meaningful, the opportunity to be heard must be provided 'before rights are decided.'" *Epps v. State*, 941 So. 2d 1206, 1207 (Fla. 4th DCA 2006) (quoting *Peoples Bank of Indian River Cty. v. State, Dep't of Banking & Fin.*, 395 So. 2d 521, 524 (Fla. 1981)); *see also Viets*, 922 So. 2d at 1095 ("Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure *before* judgment is rendered."). Moreover, even if the docket could provide constructive notice, the docket entry in this case does not correctly reflect the nature of the order. It refers to an order granting a motion for default judgment after the parties had agreed to set aside the default.

Assuming a summary judgment hearing was required, the bank maintains that the borrowers' rule 1.540 motion was still properly denied because the failure to hold a hearing is a mere procedural defect that could make the judgment voidable, but not void, citing *Sterling Factors*. The bank has not shown that this case is factually similar to *Sterling Factors*.

In *Sterling Factors*, the Second District affirmed the denial of a rule 1.540 motion concluding that, although Sterling did not have notice of the summary judgment hearing, it admitted that it had actual notice of the judgment in time to move for rehearing or appeal, and under these circumstances, the judgment was at best voidable, not void. The court distinguished this situation from *Shields v. Flinn*, 528 So. 2d 967 (Fla. 3d DCA 1988), where the defendant had no notice of the trial and did not appear. *Sterling Factors*, 968 So. 2d at 666-67. The Second District found that Sterling's actual knowledge of the judgment and failure to timely pursue available relief for the procedural error precluded relief at any time under rule 1.540(b)(4).

Here, the borrowers made a preliminary showing that their due process rights were violated. The bank has not pointed to any evidence that the borrowers had actual knowledge of the judgment in time to pursue relief other than by a rule 1.540(b)(4) motion. The limited record before this court does not show that the judgment was merely voidable. Because the borrowers' actual knowledge may control whether the summary judgment

was merely voidable, we reverse and remand for the trial court to hold an evidentiary hearing to determine when the borrowers learned of the final judgment.

*Reversed and remanded for further proceedings.*

LEVINE, CONNER and KUNTZ, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**