DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J & C RESOURCES, LLC,**
Appellant,

v.

**KEVIN GLODEK** and **GLODEK INVESTMENT GROUP, LLC,**
Appellees.

No. 4D2023-1710

[March 13, 2024]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 502021CA003019.

Earl K. Mallory of Mallory Law Group, Jupiter, for appellant.

Samuel Alexander and Michael Ellis of Alexander Appellate Law P.A., DeLand, for appellees.

MAY, J.

A loan dispute and the trial court's handling of the defendant's motion to vacate a default judgment based on an asserted lack of personal jurisdiction and invalid service of process bring this case to our court. The lender appeals an order granting the borrowers' motion to vacate a default and final default judgment.

Although the lender raises both procedural and substantive reasons for reversal, we reverse on a single procedural issue. We agree with the lender that the trial court erred in vacating both the default and default final judgment as void without first holding an evidentiary hearing to address threshold factual issues regarding personal jurisdiction and service of process.

The lawsuit stems from a promissory note, secured by an unrecorded mortgage on New Jersey property. The note was executed by the New Jersey borrowers, and payable to the Juno Beach Lender ("the parties"). The note provided for payments to be made to the lender in Juno Beach, Florida, or, if the lender required, to a different place.

The lender filed a complaint in Palm Beach County, alleging the note was in default. The lender's complaint alleged the "place of payment under the [n]ote [was] . . . Palm Beach County." The lender served the borrowers in New Jersey and filed two affidavits of service in his Florida action. Those affidavits demonstrated the individual borrower was served via substitute service—through personal service on his mother, as co-resident of a New Jersey address. The corporate borrower was served via personal service—through its registered agent, but specifically service was made on an office clerk. The process server checked the box of "corporate *officer*" instead of "corporate *designee.*"

After the borrowers failed to appear, a clerk's default was entered against them in Florida. The lender then moved for entry of a default final judgment, which the trial court granted. The trial court's default final judgment ordered the recovery of the note's outstanding balance, plus prejudgment interest and costs, from the borrowers.

The lender later domesticated the Florida judgment in New Jersey and initiated enforcement proceedings there.

More than a year after default final judgment had been entered in Florida, the borrowers moved the Florida trial court to set aside the default and vacate the default final judgment.

There, the borrowers argued the default final judgment was void for invalid service of process and lack of personal jurisdiction. The lenders responded the borrowers had already challenged the judgment in New Jersey, where, after filing a "general appearance," they raised various issues but never specifically denied Florida's personal jurisdiction. Thus, the lender argued, the borrowers' jurisdictional and service challenges were waived and subsequently barred by res judicata.

The trial court ruled res judicata was an issue to be addressed through a summary judgment motion, explaining:

> [A]long with the strict construction principles of service of process and the broad liberal policy of the court to rule on the merits of the case, I'm going to grant the motion in part . . . [and give the lender five] days to . . . proceed on the merits.

The trial court's written order vacated the clerk's default and its default final judgment and ordered the borrowers to file an answer and affirmative defenses. As noted, we accept the lender's argument this finding

constituted a procedural error and remand this case for an evidentiary hearing to address the dispositive factual issues that remain.[1]

Whether a judgment is void for lack of personal jurisdiction is reviewed de novo. *See Affenita v. Storfer*, 355 So. 3d 440, 441 (Fla. 4th DCA 2023).

Generally, a judgment is void if (1) the trial court lacks subject matter jurisdiction; (2) the trial court lacks personal jurisdiction over the defendant; or (3) if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard. *Richard v. Bank of Am., N.A.*, 258 So. 3d 485, 488 (Fla. 4th DCA 2018).

Here, there were multiple factual issues surrounding the validity of service of process and personal jurisdiction. There were also legal issues concerning whether the borrowers were barred by res judicata and/or waived these issues. Without resolving the factual issues that must necessarily precede its legal analysis, the trial court could not have properly determined its prior default final judgment was void.[2] *See, e.g., Purdue v. R.J. Reynolds Tobacco Co.*, 259 So. 3d 918, 922 (Fla. 2d DCA 2018).

We therefore reverse and remand the case to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS and LEVINE, JJ., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We neither identify nor address the multiple factual disputes and legal applications raised on the substantive issues of service of process and personal jurisdiction, as the trial court has not yet had an opportunity to review the issues in an evidentiary hearing.

[2] "Neither the submission of affidavits nor [counsels' argument] is sufficient to constitute an evidentiary hearing." *Sperdute v. Household Realty Corp.*, 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991).