DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY** a/s/o
**LISA SHECTMAN,**
Appellant,

v.

**MELISSA A. WILLIAMS, RANDY M. WILLIAMS,
ALL AMERICAN BUILDERS & DEBRIS REMOVAL, INC.,** and
**ALADDIN PLUMBING & CONSTRUCTION CORP.,**
Appellees.

No. 4D2024-0010

[November 13, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE17-018014.

Carlos Cruanes of Andreu, Palma, Lavin & Solis, PLLC, Miami, for appellant.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellees.

PER CURIAM.

The appellant appeals from the circuit court's order granting the Williamses' motion to vacate the default judgment as being void for lack of notice. We affirm.

"Whether a judgment is void is a question of law reviewed de novo." *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015). "[T]his court has repeatedly recognized that a judgment is also void where it violates the due process guarantees of notice and an opportunity to be heard." *Richard v. Bank of Am., N.A.*, 258 So. 3d 485, 488 (Fla. 4th DCA 2018).

In this case, while an attorney appeared for the Williamses prior to the appellant's motion for default and entry of the default final judgment, the appellant has presented no evidence that the Williamses or their attorney

received actual knowledge of the judgment "in time to pursue relief other than by a rule 1.540(b)(4) motion." *Id.* at 489. The appellant has failed to supply transcripts of all the proceedings at which the issue was discussed. Therefore, pursuant to *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979), the record is inadequate to demonstrate reversible error and the circuit court's order is affirmed.

WARNER, GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***