DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEAUTIFUL OUTDOORS, LLC,**
Appellant,

v.

**RAUL ARNALDO TORRES** and
**DAHYANNA M. SANTIAGO VEGA,**
Appellees.

No. 4D2024-0272

[April 2, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE23-18364.

Elee Dammous of Dammous Law, PLLC, Miami Lakes, for appellant.

Rosalind J. Matos of Matos Legal, PLLC, Weston, and Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, for appellees.

LEVINE, J.

Beautiful Outdoors, LLC, appeals an order denying its motion to vacate default final judgment in favor of the homeowners. Beautiful Outdoors argues that it was denied due process because the homeowners were awarded unliquidated damages without providing Beautiful Outdoors notice and an opportunity to be heard at a trial for damages. We agree, and as such, we reverse.

Beautiful Outdoors and the homeowners entered into a construction contract for a pool and backyard project at the homeowners' property. In April 2023, the homeowners sued Beautiful Outdoors for breach of contract, unjust enrichment, conversion, and defamation. The homeowners alleged that they had made deposits and payments to Beautiful Outdoors, but Beautiful Outdoors had failed to complete the construction as required by the contract.

In May 2023, the homeowners moved for an entry of default against Beautiful Outdoors for failure to serve any responsive papers in the action. A clerk's default was entered against Beautiful Outdoors. Only then did

Beautiful Outdoors file its answer and affirmative defenses.

In June 2023, the homeowners moved for entry of default final judgment against Beautiful Outdoors. The homeowners requested a default final judgment against Beautiful Outdoors for damages in the amount of $106,564.85, plus pre- and post-judgment interest, and attorney's fees and costs, which consisted of "$41,878.00 for actual/economic losses; $32,620.00 for consequential damages; . . . $20,000.00 for emotional damages," and $12,066.85 in attorney's fees and costs. The trial court deferred ruling on the homeowners' motion for default final judgment, allowing Beautiful Outdoors twenty days to file a motion to set aside default.

Beautiful Outdoors did not file a motion to set aside the default within the twenty days. On November 1, 2023, the homeowners noticed a hearing on their motion for default final judgment on November 9, 2023. The notice did not mention anything about a trial on damages. Beautiful Outdoors and its counsel did not attend the hearing. The trial court entered default final judgment in favor of the homeowners in the amount requested of $106,564.85 plus pre- and post-judgment interest.

Later that November, Beautiful Outdoors then moved to vacate default final judgment, arguing that (1) unliquidated damages may not be recovered in a default final judgment without notice and an opportunity to be heard, and (2) it was entitled to have the trial court vacate default judgment because its failure to timely respond was the result of excusable neglect, it had a meritorious defense, and it had acted with due diligence in seeking to vacate the default after it was discovered.

The trial court denied Beautiful Outdoors's motion to vacate, finding that it had not established excusable neglect or due diligence. This appeal follows.[1]

Beautiful Outdoors argues that the trial court erred by awarding unliquidated damages in violation of due process, where Beautiful Outdoors was not given notice and an opportunity to be heard at a trial on damages. The homeowners respond that this court lacks jurisdiction to review the merits of the default final judgment, because Beautiful

---

[1] On appeal, Beautiful Outdoors does not challenge the trial court's finding that it did not demonstrate excusable neglect or due diligence, and as such, any argument regarding that finding has been waived. *Menchillo v. State*, 350 So. 3d 136, 139 n.1 (Fla. 2d DCA 2022) ("[I]ssues not raised in the initial brief are considered waived or abandoned.").

Outdoors did not timely appeal the default final judgment.

An order on a motion to vacate final judgment is ordinarily reviewed for an abuse of discretion. *Torres v. One Stop Maintenance & Mgmt., Inc.*, 178 So. 3d 86, 89 (Fla. 4th DCA 2015). However, "[a] judgment that has been entered in violation of due process is void." *Rodriguez v. Thompson*, 235 So. 3d 986, 988 (Fla. 2d DCA 2017). Due process requires "notice and an opportunity to be heard on the subject of unliquidated damages." *Id.* "Whether a judgment is void is a question of law reviewed de novo." *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015).

The final judgment in this case awarded unliquidated damages. "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." *Bodygear Activewear, Inc. v. Counter Intelligence Servs.*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (citation omitted). "[D]amages are not liquidated if a court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment.'" *Id.* (citation omitted).

The "actual/economic" damages awarded in this case are unliquidated. The contract between the parties did not contain a damages clause in the case of a breach. *See id.* ("[L]iquidated damages may exist in a contractual setting 'when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other.'") (citation omitted). Further, the homeowners stated in their complaint that Beautiful Outdoors had partially performed under the contract. Because Beautiful Outdoors had performed some work under the contract, damages were speculative and could not be determined without testimony. *See Cano, Inc. v. Judet*, 331 So. 3d 179, 181 (Fla. 4th DCA 2021) ("Where a contractor breaches a construction contract, and the owner sues for breach of contract and the cost to complete, the measure of damages is the difference between the contract price and the reasonable cost to perform the contract."); *see also Forbes v. Prime Gen. Contractors, Inc.*, 255 So. 3d 448, 451 (Fla. 2d DCA 2018) ("In the case of a breached construction contract . . . the benefit-of-the-bargain remedy is 'either the reasonable cost of completion, or the difference between the value the construction would have had if completed and the value of the construction that has been thus far performed.'") (citation omitted). Thus, the "actual/economic" damages awarded here are unliquidated.

Consequential damages are also unliquidated. 46 Am. Jur. 2d

Judgments § 288 ("Unliquidated claims include damages for personal injuries, lost profits, *consequential damages*, exemplary damages, and reasonable attorney's fees.") (emphasis added); *see also Hardwick Props., Inc. v. Newbern*, 711 So. 2d 35, 40 (Fla. 1st DCA 1998) ("The most common form of consequential damages is lost profits."); *Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 665 (Fla. 3d DCA 2007) (finding lost business profits to be unliquidated damages).

Emotional damages also require the consideration of testimony and evidence. Emotional damages require an inherently subjective evaluation and evidence to determine an amount, and, thus, emotional damages are unliquidated damages. *See* 22 Am. Jur. 2d Damages § 491 (referring to "mental and emotional injury" as "inherently nonpecuniary, unliquidated, and not readily subject to precise calculation").

Finally, "[c]laims for reasonable attorney's fees are considered unliquidated damages." *Cellular Warehouse, Inc.*, 957 So. 2d at 665. Similarly, "[d]amages for costs are also unliquidated." *MacDonnell v. U.S. Bank N.A. as Trustee for Truman 2013 SC4 Title Trust*, 293 So. 3d 585, 590 (Fla. 2d DCA 2020). Thus, all the damages awarded in the default final judgment were unliquidated damages.[2]

Because the final judgment awarded unliquidated damages, Beautiful Outdoors was entitled to notice and an opportunity to be heard. "In Florida, it is well settled that a defaulting party is entitled to notice and an opportunity to be heard when the damages are unliquidated." *Vercosa*, 174 So. 3d at 552. Beautiful Outdoors was not given notice, and thus, an opportunity to be heard, of the damages hearing. The notice of the hearing that was held notified Beautiful Outdoors only that it would be a hearing on the homeowners' motion for default judgment. The notice did not indicate that it would include a determination on damages.

Further, the hearing was noticed on November 1, 2023, and the hearing was held on November 9, 2023. "Florida courts have held that" "only a few days' notice for a damages trial" "is insufficient to satisfy due process." *Torres*, 178 So. 3d at 89; *see also P & L Fla. Inv., Inc. v. Ferro*, 545 So. 2d 448, 448 (Fla. 3d DCA 1989) (finding six days' notice for a hearing unreasonable).

"[W]hen a trial court enters a judgment awarding unliquidated damages

---

[2] Because we reverse the award of attorney's fees on the basis that the fees were unliquidated damages awarded without affording Beautiful Outdoors due process, we need not reach Beautiful Outdoors's second issue on appeal.

against a defaulted party after a trial of which the defaulted party was not provided notice, the resulting judgment is void." *Rodriguez*, 235 So. 3d at 988. "A void judgment is one that is 'so defective that it is deemed never to have had legal force and effect.'" *Vercosa*, 174 So. 3d at 552 (citation omitted). "Where a final judgment is void . . . the trial court has no discretion and is obligated to vacate the judgment." *Id.* Therefore, the trial court was obligated to vacate the final judgment.

*Torres v. One Stop Maintenance & Management, Inc.*, 178 So. 3d 86 (Fla. 4th DCA 2015), is instructive. The defendants in *Torres* did not attend a hearing, and the trial court entered a final judgment on damages. *Id.* at 87. Nearly five months after the entry of final judgment, the defendants moved to vacate the final judgment, arguing that they did not receive notice of the hearing for damages until the day after it occurred, which is why they did not attend. *Id.* The defendants argued that, because they did not receive notice of the damages trial, they were denied due process. *Id.* The trial court denied the defendants' motion to vacate, finding that the final judgment was voidable, not void, and that the defendants did not seek rehearing or file an appeal of the final judgment filed five months prior. *Id.* at 88. This court held that the final judgment awarding unliquidated damages was void because it was entered without giving the defendants notice and an opportunity to be heard. *Id.* at 89.

In the instant case, like *Torres*, the trial court awarded the homeowners unliquidated damages, and Beautiful Outdoors was not notified of a damages trial. Thus, the judgment in the instant case is void.[3]

In summary, the trial court was obligated to grant Beautiful Outdoors's motion to vacate where Beautiful Outdoors did not receive notice and an opportunity to be heard at the trial on damages, and the resulting default final judgment included unliquidated damages. As such, we reverse and remand the case for a new trial on damages.

*Reversed and remanded with instructions.*

CONNER and ARTAU, JJ., concur.

---

[3] Like the homeowners in the instant case, the appellees in *Torres* also argued that the issue of notice of the damages trial "should have been raised by a timely appeal" of the final judgment, instead of raising the issue in a motion to vacate. *Torres*, 178 So. 3d at 89. This court rejected that argument and remanded for a new damages trial. *Id.* A judgment awarding unliquidated damages is void, thus having no legal force and effect, and may be challenged at any time. *Richard v. Bank of Am., N.A.*, 258 So. 3d 485, 487-88 (Fla. 4th DCA 2018).

\*        \*        \*

*Not final until disposition of timely filed motion for rehearing.*